ANTOANETA TARPANOVA
at@tarpannova.com

FRANCELINA PERDOMO
Francelina.perdomoklukosky@saul.com

Attorneys for Plaintiff Kai's
Confections Corp.

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK

| | |
|---|---|
| KAI'S CONFECTIONS, CORP., <br><br> Plaintiff, <br><br> vs. <br><br> KAI POPS, LLC <br><br> Defendant. | **COMPLAINT:** <br><br> (1) Trademark Infringement; <br> (2) False Designation of Origin; and <br> (3) Unfair Competition under N.Y. Gen. Bus. Law § 349(a) <br><br> **DAMAGES IN EXCESS OF $75,000** |

Plaintiff Kai's Confections, Corp. ("Kai's Confections" or "Plaintiff"), by and through its undersigned counsel, files the following Complaint for damages and injunctive relief and demand for a jury trial, complaining of Kai Pops, LLC ("Kai Pops" or "Defendant") and as follows:

**INTRODUCTION AND SUMMARY OF RELIEF REQUESTED**

1.      Plaintiff Kai's Confections is a company incorporated in the state of New York operating a business in the sales and production of bakery goods, deserts and pastries for consumption on the premises and for delivery to multiple locations in the United States. For several years, Plaintiff has distributed its goods under the marks Kai's Confections (logo mark and word mark) for which it owns federal registrations.

2.      Without authorization, Defendant commenced the use of a confusingly similar mark,

Kai Pops, and applied for registration with the United States Trademark and Patent Office. When Defendant's registration was refused on likelihood of confusion grounds with Plaintiff's Kai's Confection mark, Defendant initiated cancellation proceedings against Plaintiff's Kai's Confection marks, which Defendant subsequently abandoned.

3.      Defendant continues using the mark in Utah, and upon information and belief, has expanded to other states, is conducting business in the State of New York and in this District and has availed itself of the benefits and protections of the same. Upon information and belief, Defendant intends to continue developing the Kai Pops brand throughout the country.

4.      Kai's Confections has commenced this action to protect its trademark rights. The Court should enjoin Defendant from wrongfully growing its business at Plaintiff's detriment, misleading consumers about the source of Defendant's offerings.

**PARTIES**

5.      Plaintiff Kai's Confections, Corp. is, and at all times relevant hereto was, a corporation organized under the laws of the State of New York, with its principal place of business in Brooklyn, New York.

6.      Defendant Kai Pops, LLC is, and at all relevant times was, a limited liability company organized under the laws of the state of Utah and, on information and belief, is holding its principal place of business in Hawaii.

**JURISDICTION AND VENUE**

7.      Kai's Confections claims arise under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq. (the "Lanham Act") and under the New York State law.

8.      This Court has original jurisdiction over Kai Pops acts under 15 U.S.C. § 1114, 1121

(action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to copyright or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

9.      Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over the state claims herein in that these claims are related to, and form part of, the same case and controversy as the federal claims herein.

10.     Jurisdiction is founded upon Title 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendants in this matter, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This Court also has jurisdiction over this claim under the Declaratory Judgment Act (28 U.S.C. § 2201).

11.     This Court has personal jurisdiction over the Defendant in that Defendant claims that it is conducting business in the State of New York and in this District and has availed itself of the benefits and protections of the same.

12.     Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and a substantial part of the property that is the subject of the action is situated in this district.

## FACTUAL BACKGROUND

## KAI'S CONFECTIONS' TRADEMARKS

13.     On March 31, 2021, Plaintiff applied for the registration of the logo mark for goods in class 30, namely, "Cookies; Cupcakes; Bakery goods and dessert items, namely, cakes, cookies, pastries, candies, and frozen confections for retail and wholesale distribution and consumption on or

off the premises."  On April 11, 2021, Plaintiff applied for the word mark "Kai's Confections" for goods in class 30, namely "cookies." Both marks were registered on November 1st, 2022, under Plaintiff U.S. Registrations No. 6,887,101 and No. 6,887,137, respectively ("Plaintiff's Marks" or the "Kai's Confections Marks"). Exhibits 1 and 2. Plaintiff's Marks were registered based on Plaintiff's continuous use of same in United States commerce since at least as early as August 1, 2020.

14.     Since early 2019, Plaintiff has been producing and selling baking goods, pastries, and deserts in New York, New Jersey, and other states under the Kai's Confection Marks. Plaintiff makes cakes, desserts, candies, and various pastries for different occasions at consumer demand, and supports corporate events, third-party vendors, and customers nationwide.

## KAI POPS APPLICATION AND THE CANCELLATION PETITION

15.     On April 17, 2021, Defendant applied for the registration of the mark K a i ✳ P O P S for goods in class 30, namely "Frozen confections, namely, freezer pops; Frozen dessert consisting of fruit and cream or cream substitutes; Frozen juice bars", Serial No. 90/652,966 ("Defendant's Mark" or "Defendant's Application"). Defendant alleges that it has used the mark in connection with said goods since at least as early as May 5, 2020.

16.     On June 13, 2022, the USPTO suspended Defendant's Application based on likelihood of confusion with Plaintiff's mark Kai's Confections, U.S. Trademark Registration No. 6,887,137 ("Plaintiff Registered Mark" or "Plaintiff's Mark").

17.     As a result, on October 9, 2021, Defendant filed a petition with the Trademark Trial and Appeal Board ("TTAB") to cancel Plaintiff's Mark, claiming the use in commerce of Defendant's Mark began on August 24, 2019, allegedly predating the use of Plaintiff's Mark.  However, during the cancellation proceedings before the TTAB, Defendant failed to provide evidence of its purported

superior rights, failed to prosecute its application, and ultimately abandoned it.

18.    At Plaintiff's request, on January 23, 2024, the TTAB dismissed the cancellation with prejudice.

19.    Defendant's attempt to cancel Plaintiff's Registered Mark forced Plaintiff to expend time and financial resources to resolve the dispute and defend Defendant's frivolous petition.

20.    Notwithstanding Defendant's failure to register KAI POPS before the USPTO due to Plaintiff's Registered Mark and Defendant's abandonment of its cancellation petition resulting in dismissal with prejudice, Defendant continues to use KAI POPS in commerce, creating consumer confusion.

21.    Despite multiple attempts to resolve this matter, and while allowing ample time for Defendants to rebrand, on or about August 2024, Plaintiff demanded that Defendants refrain from using KAI POPS or any confusingly similar mark in the same or similar classification of goods than Plaintiff's Registered Mark and that such use constitutes trademark infringement.

22.    Instead of addressing swiftly Plaintiff's demands, Defendant failed to respond for several weeks.  While failing to provide a substantive response to Plaintiff's demands and a potential resolution, Defendant's counsel concocted a fictitious narrative in which Defendant (the party that initially sought the cancelation of Plaintiff's Registered Mark) is somehow Plaintiff's victim. In the same correspondence, Plaintiff's counsel threatened to use social media, articles, blogs, and other digital propaganda to tarnish Plaintiff's reputation with consumers. This action followed.

23.    On information and belief, Defendant has been continuing to use $KAI \maltese POPS$ mark and expanding the use of said Mark by selling its products in territories covered by Plaintiff's registrations.

24.    On information and belief, Defendant did not start using the KAi POPS mark in commerce until after Plaintiff's first use of Plaintiff's Marks.

25.    Additionally, upon information and belief Defendant has expended its use of the mark KAi POPS and has offered confusingly similar goods targeting the same or overlapping groups of consumers as Plaintiff in the same or geographically overlapping markets.

26.    Despite Kai's Confections' requests, Defendant, through counsel, has refused to transition away from its confusingly similar brand.

27.    Kai's Confection has no adequate remedy at law.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

(Federal Trademark Infringement 15 U.S.C. § 1114 (1))

28.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 27 inclusive, with the same force and effect as though set forth in full hereat.

29.    Plaintiff is the owner of the Kai's Confections marks and began using the same long before Defendant first used the KAi POPS mark in commerce.

30.    Defendant's use of KAi POPS in connection with frozen confections, frozen desserts and juice bars has and will continue to have the effect of causing confusion, mistake, or deception as to the source of Defendant's products and services and to deceive the public of passing off Defendant's goods as being provided by, or otherwise approved by or connected with Plaintiff.

6

31.     Defendant's acts have damaged Plaintiff's business and have impaired and diluted Plaintiff's goodwill in its trademark.

32.     Unless enjoined by this Court, Defendant will continue its acts of trademark infringement, thereby deceiving the public and causing Plaintiff immediate and irreparable harm and damage.

33.     Plaintiff is entitled to an order of this Court enjoining Defendant, its officers, agents, and employees, and anyone acting in concert with them, from using the distinctive word element KAI, alone or in combination with other words, or any other colorable imitations of Plaintiff's mark in Defendant's advertising, marketing, or sale of its products and services or in any other way in connection with the conduct of their business.

34.     As a result of Defendant's conduct set forth above, Plaintiff has suffered damages the exact amount of which Plaintiff has not been able to determine. Plaintiff is entitled to recover from Defendant such damages, together with interest thereon, and an amount equal to Defendant's profits derived from its unlawful and wrongful conduct.

## SECOND CAUSE OF ACTION

(Unfair Competition and Use of False Designation of Origin 15 U.S.C. § 1125)

35.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 34 inclusive, with the same force and effect as though set forth in full hereat.

36.     Defendant's use of the designation "Kai Pops" in its labeling, advertising, marketing, and providing of its services for its own benefit, in such a fashion and design as to imitate Plaintiff's Mark, constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), on the grounds that it creates a likelihood of confusion among prospective purchasers and employees, and further on

the grounds that such usage induces, or is likely to induce, prospective purchasers and employees and others to believe, contrary to facts, that Defendant's goods are connected in some way with Plaintiff or with Plaintiff's goods.

37.     Defendant's use of the designation "Kai Pops" in the manner alleged above constitutes a false designation of origin of Defendant's services, or false description or representation of Defendant's services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     Defendant will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designation and false representation set forth above, which has caused, and will continue to cause, Plaintiff immediate and irreparable harm.

39.     Pursuant to Section 34 of the Lanham Act, 15 U.S.C. §1116, Plaintiff is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendant, its officers, agents, and employees from using "Kai Pops" alone or in combination with other words or any other colorable imitations of Plaintiff's Mark, in the advertising, marketing, or sale of Defendant's goods or services.

40.     As a result of Defendant's acts of unfair competition set forth below, Plaintiff has suffered damages, the exact amount of which Plaintiff has not yet been able to determine. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Plaintiff is entitled to a judgment for damages not to exceed three times the amount of its actual damages, as shall be proved at trial, together with interest thereon, and for an amount equal to Defendant's profits derived from its unlawful and wrongful conduct.

41.     Defendant's actions, as set forth above, entitle Plaintiff, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, to an award of attorneys' fees incurred in bringing this action.

### THIRD CAUSE OF ACTION

#### (Common Law Trademark Infringement)

42.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 41 inclusive, with the same force and effect as though set forth in full hereat.

43.    Defendant's conduct constitutes trademark infringement in violation of New York common law.

### FOURTH CAUSE OF ACTION

#### (Unfair Competition)

44.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 43 inclusive, with the same force and effect as though set forth in full hereat.

45.    The tendency and effect of Defendant's continued use of the designation "Kai Pops", alone or in combination with other words, in the advertising and marketing of its goods is to cause confusion, mistake, and deception as to the source or origin of Defendant goods.

46.    Defendant's acts have damaged Plaintiff's business reputation and have impaired and diluted Plaintiff's goodwill in its service mark and constitute unfair competition within the meaning of the N.Y. Gen. Bus. Law § 349(a) as they were misleading in a material way and directed at consumers. As a result, the Plaintiff has suffered damages to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter  judgment in its favor and against Defendants and provide the following relief:

1. Entering a judgment in Plaintiff's favor and against Defendants on all causes of action alleged herein, declaring that:

a. Plaintiff's Marks have been and continue to be infringed by Defendant in violation of 15 U.S.C. § 1114;

b. Defendant's use of the Kai Pops sign constitutes unfair competition violation of 15 U.S.C. § 1125;

c. Defendant's use of the Kai Pops sign constitutes unfair competition and trademark infringement under the New York common law and a violation of New York General Business Law § 349(a).

2. Actual damages suffered by Plaintiff as a result of Defendant's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law, but in no event less than the statutory minimum of this Court;

3. Reasonable funds for future corrective advertising;

4. An accounting of Defendant's profits pursuant to 15 U.S.C. § 1117;

5. A judgment trebling any damages awarded pursuant to 15 U.S.C. §1117;

6. Restitution against Defendant and in favor of Plaintiff, including disgorgement of wrongfully obtained profits and any other appropriate relief;

7. A permanent injunction enjoining all Defendants, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them from engaging in or authorizing the reproduction, production, copying, use, distribution, exploitation, advertising, and promotion of the mark "Kai Pops" or any other mar, which is confusingly similar to Plaintiff's Marks;

8. Recovery of Plaintiff's attorney's fees and costs of this action;

9.    Any other remedies to which Plaintiff may be entitled.

DATED: November 19, 2024                          */s/ Antoaneta V. Tarpanova*
                                                  Antoaneta V. Tarpanova, Esq.
                                                  3326 92nd Street Apt. 6V
                                                  Jackson Heights New York, 11372
                                                  at@tarpannova.com


                                                  /s/ Francelina M. Perdomo Klukosky
                                                  Saul Ewing, LLC
                                                  1270 Avenue of the Americas
                                                  28th Floor
                                                  New York, New York 10020
                                                  (212) 980-7206
                                                  Francelina.perdomoklukosky@saul.com

                                                  Attorneys for Plaintiff